1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                                AT TACOMA

10

11    J.H. ROSE LOGISTICS, LLC,                    CASE NO. 19-5073 RJB

12                             Plaintiff,          ORDER ON DEFENDANT'S
                                                   MOTION FOR JUDGMENT ON
            v.                                     THE PLEADINGS AND
13                                                 PLAINTIFF'S MOTION FOR
      DOMETIC CORPORATION,                         LEAVE TO AMEND COMPLAINT
14
                               Defendant.
15

16           This matter comes before the Court on Defendant Dometic Corporation's ("Dometic")

17    Motion for Judgment on the Pleadings (Dkt. 12) and the Plaintiff J.H. Rose Logistics, LLC's

18    ("Rose") motion for leave to amend the complaint (Dkt. 13).  The Court has considered the

19    pleadings filed in support of and in opposition to the motions and the file herein.

20           Originally filed on January 22, 2019, this case was removed from Pierce County,

21    Superior Court on January 25, 2019.  Dkt. 1-1.  Dometic now moves for a judgment on the

22    pleadings to dismiss the case, arguing that Rose has failed to plead a claim for relief.  Dkt. 12.

23    Rose opposes the motion, but, if the Court is inclined to grant the motion, moves for leave to

24    amend the complaint.  Dkt. 13.  For the reasons provided, the motion for judgment on the

pleadings (Dkt. 12) should be denied without prejudice and the motion for leave to file an amended complaint (Dkt. 13) should be granted.

## I.   FACTS AND PROCEDURAL HISTORY

### A.  FACTS

According to the one-page Complaint, Dometic owes Rose "$154,578.00 in freight charges, plus collection fees, plus interest, for numerous shipments in which Dometic was the shipper and or consignee and [Rose] was the carrier, as summarized in the attached General Ledger Report . . ." Dkt. 1-1, at 2.  The Complaint alleges that "despite demand, no part of the amount set forth above has been paid" to Rose.  *Id.*  It further provides that Rose "prays for judgment against Defendant Dometic as follows: a) for $154,578.00 principal, plus interest; b) for collection fees per applicable tariffs; b) [sic] for costs of suit; c) for such other and further relief as the Court deems just and equitable."  *Id.*  The "Exhibit A" to the Complaint, entitled "General Ledger Report," contains a list which includes dates, "batch code[s]," 'reference[s]," "description[s]," and "debt[s]."  Dkt. 1-1, at 3.  There are no specific references to Dometic in the "General Ledger Report."  *Id.*

### B.  PROCEDURAL HISTORY

Before this case was filed in Pierce County, Washington Superior Court, Rose served the Complaint and Summons on the Dometic on December 28, 2018.  Dkt. 14-1.  On January 10, 2019, Dometic served a "Demand to File Summons and Complaint" on Rose.  Dkt. 14-3. Dometic served an Answer on Rose on January 15, 2019, but did not file the Answer in the State case.  Dkt. 14-4.  The Complaint was filed in superior court on January 22, 2019 and the case was removed to this Court on January 25, 2019.  Dkt. 1.

On March 7, 2019, the same day the instant motion was filed, Dometic filed a "Supplemental Verification of State Court Records" in which it attached "all the pleadings and other papers filed and/or served in the state court action." Dkt. 10. Attached to this verification, was a pleading entitled "Defendant Dometic Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint." Dkt. 10-1, at 2-5.

## C. PENDING MOTION

Dometic now moves for a judgment on the pleadings to dismiss the Complaint under Fed. R. Civ. P. 12 (c), arguing that the Complaint contains no theory of relief (e.g. breach of contract) or any facts from which such an obligation could be inferred. Dkt. 12. It asserts that Rose's Complaint does not meet Rule 8's requirements. *Id.* Rose opposes the motion and argues that the pleadings have not been closed because no answer to the Complaint has been filed. Dkt. 13. Rose further maintains that the Complaint seeks to recover unpaid freight charges owed by Dometic to Rose which have not been paid, and so it meets the minimal pleading requirements of Rule 8. *Id.* Rose moves for leave to amend the complaint, if the Court finds that the pleading requirements are not met. *Id.* Dometic replies, and argues that it filed its answer as an attachment to the "Supplemental Verification of State Court Records," so asserts that the pleadings are closed. Dkt. 15. It maintains the Complaint should be dismissed with prejudice and without leave to amend. *Id.*

## II. <u>DISCUSSION</u>

## A. STANDARD FOR MOTION TO DISMISS

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "Analysis under Rule 12(c) is

substantially identical to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)(*internal quotations omitted*).

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. CLOSED PLEADINGS

The motion for judgment on the pleadings to dismiss the Complaint under Fed. R. Civ. P. 12(c) (Dkt. 12) should be denied without prejudice because the pleadings are not yet closed. Generally, "the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Dometic's attempt at skirting around this requirement by filing the answer that was served, but not filed, as an attachment to the "Supplemental Verification of State Court Records," is unavailing. The "Supplemental Verification of State Court Records," states that it was filed pursuant to Local Rule W.D. Wash. 101(c). Dkt. 10. Local Rule W.D. Wash. 101(c), provides:

> The removing defendant(s) shall, within fourteen days of filing the notice of removal, file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court, together with defendant's or defense counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding.

The answer was not filed in the state court record, nor was it included in a hearing or other proceeding. If Dometic intends to file an answer, it should do so, clearly and in accord with the Fed. R. Civ. P and the Local Rules of W.D. Wash.

## C. FAILURE TO STATE A CLAIM AND LEAVE TO AMEND

Fed. R. Civ. P. 8 (a)(2) requires that a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

The motion to dismiss is not without merit. The Complaint fails to contain a "short and plain statement of the claim." The Complaint alleges that Rose provided a service and that it was not paid. It asserts an amount due. It does not identify a cognizable legal theory – breach of contract, unjust enrichment, or some other equitable claim for relief. If the Court is inclined to grant the motion, Rose moves the Court for leave to amend. Dometic opposes the motion for leave to amend.

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

Rose's motion for leave to amend its complaint (Dkt. 13) should be granted. There is no showing of "bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff,* at 1152. The case was recently filed and proceedings have just begun. The Plaintiff should be given until **April 30, 2019** to file an amended complaint, if any.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Dometic Corporation's Motion for Judgment on the Pleadings (Dkt. 12) **IS DENIED WITHOUT PREJUDICE;** and

- Plaintiff J.H. Rose Logistics, LLC's motion for leave to amend the complaint (Dkt. 13) **IS GRANTED**;

  o The deadline for the Plaintiff to file an amended complaint, if any, is **April 30, 2019**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of April, 2019.

ROBERT J. BRYAN
United States District Judge