UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

J.H. ROSE LOGISTICS, LLC,

                Plaintiff,

    v.

DOMETIC CORPORATION,

                Defendant.

CASE NO. 19-5073 RJB

ORDER ON DEFENDANT'S MOTION TO DISMISS

     This matter comes before the Court on Defendant Dometic Corporation's ("Dometic") Motion to Dismiss Amended Complaint. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

     Originally filed on January 22, 2019, this case was removed from Pierce County, Superior Court on January 25, 2019. Dkt. 1-1. Dometic now moves to dismiss the case, arguing that Rose has failed to plead a claim for relief. Dkt. 19. Plaintiff J.H. Rose Logistics, LLC ("Rose") opposes the motion. Dkt. 23. For the reasons provided, the motion (Dkt. 19) should be denied.

ORDER ON DEFENDANT'S MOTION TO DISMISS - 1

# I.    FACTS AND PROCEDURAL HISTORY

## A. FACTS

According to the Amended Complaint, Dometic is a manufacturer of durable goods in China. Dkt. 18, at 2. It alleges that Dometic imports goods, which are delivered via ocean freighters to the United States. *Id.* The Amended Complaint maintains that Dometic then ships its goods by truck to its warehouse in Sumner, Washington, among other locations. *Id.* To that end, Dometic "engaged Elite International Cargo, LLC ("Elite") . . . to broker both the ocean and overland freight shipments." *Id.* It alleges that, "acting on behalf of Dometic and as Dometic's agent, Elite engage Rose to broker the overland freight hauling services necessary to transport Dometic's products from the Port of Seattle, and other ports, to Sumner, Washington, and other locations within the United States." *Id.* The Amended Complaint asserts that, in reliance on Elite's representations, made on behalf of Dometic, Rose engaged Edgmon Trucking, LLC ("Edgmon") "to provide overland freight hauling services necessary to transport Dometic's products." *Id.*

According to the Amended Complaint, Edgmon performed the services for Dometic as requested by Rose. Dkt. 18, at 3. It alleges that, as summarized in the attached General Ledger Report (Exhibit A), Rose paid Edgmon $154,578.00 "on behalf of Dometic for the overland freight hauling services." *Id.* The Amended Complaint asserts that despite having demanded payment from Dometic, Dometic has not repaid Rose. *Id.*

Rose seeks $154,578.00 in freight charges, plus interest, costs, attorneys' fees and for such "additional relief as determined appropriate by the Court." *Id.*

**B. PROCEDURAL HISTORY**

On April 8, 2019, the Dometic's motion for judgment on the pleadings was denied without prejudice. Dkt. 16. That order provided, in part, that Dometic's motion was "not without merit." *Id.* It further noted that:

> The Complaint fails to contain a "short and plain statement of the claim." The Complaint alleges that Rose provided a service and that it was not paid. It asserts an amount due. It does not identify a cognizable legal theory – breach of contract, unjust enrichment, or some other equitable claim for relief.

*Id.*, at 5. That order also granted Rose's motion to file an amended complaint. *Id.* Rose filed the Amended Complaint on April 30, 2019. Dkt. 18. This motion followed.

**C. PENDING MOTION**

Dometic now moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6), arguing that the Amended Complaint contains no theory of relief. Dkt. 19. It asserts that Rose's Amended Complaint does not meet Rule 8's requirements. *Id.* Dometic urges the Court to dismiss the case with prejudice and without leave to amend. *Id.*

Rose opposes the motion and argues that Rose "is alleging a breach of contract claim arguing that it reasonably relied on representations made by the Defendants' agent and that the Defendant is bound by the terms of the agreement entered into with the Plaintiff." Dkt. 23, at 3. Rose further maintains it has alleged "it reasonably relied on the representations made by the Defendant's agent and it performed pursuant to the terms of the agreement and is entitled to payment." *Id.* Rose argues that dismissing this case "and allowing the Defendant the benefit of carriage without compensating the carrier and/or the carrier's agents would be a miscarriage of justice." *Id.*

Dometic replies and argues that the Plaintiff's Amended Complaint still has not stated under which claim Rose seeks relief. Dkt. 24. It maintains the Complaint should be dismissed with prejudice and without leave to amend. *Id.*

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. MOTION TO DISMISS - FAILURE TO STATE A CLAIM

Fed. R. Civ. P. 8(a)(2) requires that a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

The motion to dismiss should be denied. The Amended Complaint contains a sufficiently "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(a)(2). It

provides adequate facts to identify cognizable legal theories – breach of contract and unjust enrichment.  Dometic's motion to dismiss (Dkt. 19) should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Dometic Corporation's Motion to Dismiss Amended Complaint (Dkt. 19) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of June, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge